

**FILED**

**FEB 1 0 2016**

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ANDREW GREGORY SPOTTED ELK, <br><br> Plaintiff, <br><br> vs. <br><br> DEPARTMENT OF HEALTH; DR. BRAD ADAMS, in his official capacity; DR. EUGENE REGIER, in his official capacity, <br><br> Defendants. | 4:16-CV-04019-LLP <br><br><br> ORDER DISMISSING COMPLAINT |

## INTRODUCTION

Plaintiff, Andrew Gregory Spotted Elk, filed this pro se lawsuit pursuant to 42 U.S.C. § 1983. He is an inmate at the South Dakota State Penitentiary in Sioux Falls, South Dakota. The Court screened Spotted Elk's complaint pursuant to 28 U.S.C. § 1915A. Spotted Elk moves for leave to proceed in forma pauperis, Docket 2, and to appoint counsel. Docket 4. For the reasons below, the Court grants Spotted Elk's motion to proceed in forma pauperis, dismisses his complaint and denies his motion to appoint counsel.

## FACTUAL BACKGROUND

According to his complaint, prison officials took Spotted Elk off of his "nerve pain medication" because of a disciplinary write-up. Docket 1 at 4. The medication had been effective. *Id.* He alleges that the write-up was later

dismissed, but defendants refused to continue his medication. *Id.* He also claims that he was discriminated against by Dr. Adams and Dr. Regier in their decision to deny him medication. *Id.* Spotted Elk sues defendants in their official capacities only. *Id.* at 2

Spotted Elk claims that he suffered continuous and chronic nerve pain in his lower back, right forearm, hand, and feet. *Id.* at 4. He also suffered "emotional psychological injuries[.]" *Id.* His complaint states that he has grieved available administrative remedies and appealed them to the highest level. *Id.* In relief, Spotted Elk request damages of $250,000 for "physical, mental, emotional, and psychological damage" and "defamation of character within the institutions[.]" *Id.* at 7. He also requests court costs, legal fees, and attorney's fees. *Id.*

## LEGAL STANDARD

The court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter.*

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

## DISCUSSION

Spotted Elk moves this Court to grant him leave to proceed in forma pauperis. Docket 2. His complaint argues that defendants were deliberately indifferent to his medical needs. Docket 1. He also moves this Court to appoint him counsel. Docket 4.

### I.    **Spotted Elk Is Granted Leave To Proceed in Forma Pauperis**

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Therefore, " '[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

Spotted Elk has reported average monthly deposits to his prisoner trust account of $0 and an average monthly balance of *negative* $156.12. Docket 3. Based on this information, the court finds that Spotted Elk is indigent and grants him leave to proceed in forma pauperis.

Spotted Elk must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the monthly payments and forward them to the court as follows:

> [T]he prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, the installments will be collected pursuant to this procedure.

The clerk of the court will send a copy of this order to the appropriate financial official at plaintiff's institution. Plaintiff will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

## II. Spotted Elk's Is Dismissed Pursuant to § 1915A(b)(2)

Because he is a prisoner, the Court must screen Spotted Elk's complaint to determine if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The complaint contains two counts. The supporting facts are exactly the same, however, and the Court construes Spotted Elk's complaint as raising one claim that defendants were deliberately indifferent to his serious medical need. Spotted Elk's complaint is dismissed under § 1915A(b)(2) because he seeks monetary relief from defendants who are immune from such relief.

The Department of Health is immune from suit. The Eleventh Amendment bars claims against state agencies for any kind of relief. *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). The Department of Health is entitled to dismissal with prejudice. *See Tex. Cmty. Bank, N.A. v. Mo. Dep't of Soc. Servs., Div. of Med. Servs.*, 232 F.3d 942, 943 (8th Cir. 2000) (where Eleventh Amendment barred suit, state agency was entitled to dismissal with prejudice).

Dr. Adams and Dr. Regier cannot be sued for damages in their official capacity, but only in their personal capacity. "[T]he Eleventh Amendment prohibits federal-court lawsuits seeking monetary damages from individual state officers in their official capacities because such lawsuits are essentially 'for the recovery of money from the state.'" *Treleven v. Univ. of Minnesota*, 73 F.3d 816, 818 (8th Cir. 1996) (quoting *Ford Motor Co. v. Department of the Treasury*, 323 U.S. 459, 464 (1945). Therefore, Spotted Elk's complaint must be dismissed. It is, however, be dismissed without prejudice to refiling.

Therefore, it is ORDERED.

1. Spotted Elk's motion to proceed in forma pauperis, Docket 2, is granted.
2. Plaintiff's institution will collect the monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and will forward those installments to the court until the $350 filing fee is paid in full.
3. The clerk of the court is directed to send a copy of this order to the appropriate official at plaintiff's institution.

4. Spotted Elk's complaint against the Department of Health is dismissed with prejudice.

5. Spotted Elk's complaint against Dr. Adams and Dr. Regier is dismissed without prejudice to refiling.

6. Spotted Elk's motion to appoint counsel, Docket 4, is denied as moot.

Dated this 10th day of February, 2016.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Summa Wahupt
DEPUTY